SAWYER v. THE DUBUQUE PRINTING COMPANY *et al.*

Corporations: SALE OF PROPERTY: COMPLAINT OF STOCKHOLDER.
Plaintiff was a stockholder in a printing company which was
greatly embarrassed. At a meeting at which all the officers and
stockholders, except plaintiff, were present, the assets of the
company were transferred to another company, whose paid up
stock was taken in payment. Plaintiff was known to be opposed
to such transfer, and he was not notified of the meeting at which
it was made, nor was he present thereat, but the transaction seems
to have been made in good faith and in the interest of the
company. *Held* that these facts did not show any fraud upon
plaintiff, and that without a showing of fraud he had no ground
for complaint either at law or in equity.

*Appeal from Dubuque District Court.*—HON. C. F.
COUCH, Judge.

FILED, May 8, 1889.

THIS is an action to recover damages for an alleged
unauthorized and fraudulent disposition of the property
of the Dubuque Democrat Printing and Publishing
Company, a corporation, whereby plaintiff, as a stock-
holder in said corporation, was damaged. The action
was originally brought at law, and on motion of the
plaintiff, against the objections of the defendants, was
transferred to and tried as an equitable proceeding.
The case was referred to S. P. Adams, Esq., who made
a report of his findings of fact and of law, and upon a
re-reference amended his report in certain respects, and
recommended judgment for plaintiff for $306.95, instead
of for $422.48, as recommended in the first report. The
court held that, as no fraud is reported, the plaintiff is
not entitled to judgment; that the recommendation for
judgment is based upon causes of action not stated in
the pleadings. Therefore it was not approved. The
judgment was entered dismissing the case at plaintiff's

costs, from which the plaintiff appeals. Among other findings the referee reported : "*Ninth.* I find the charge of fraud made by plaintiff is not sustained. *Tenth.* That the sale and transfer of the property of the Democrat Company to the parties who composed the Printing Company was made in good faith." The Democrat Company was organized, in 1882, for the purpose of printing and publishing a daily and weekly newspaper. The stockholders were practical newspaper men, and were employed by the company under contracts by which part of their wages was applied in payment of their stock. Hence but one hundred dollars or two hundred dollars was ever paid in money on the stock. Aside from this one hundred dollars or two hundred dollars, the company had no income except the receipts from its business, and had no outlays except the expenses incident to the business. That the receipts were not always sufficient to meet expenses is evidenced by the fact that there was no money on hand with which to meet overdue bills at the time of the sale complained of. The only assets owned by the company were its subscription lists, advertising contracts, book-accounts, good will, a safe, a limited quantity of cases, type and paper, most of which was of uncertain value, and but little of which could be relied upon for funds with which to pay the $2,525.79 of existing indebtedness. The Dubuque Telegraph was being published in competition with the Democrat. The appellant claims that the Democrat was the more prosperous of the two. If so, its condition financially shows that there was not room for both papers to prosper. The value of the Telegraph's property is indicated by Quigley's purchase of one-half interest therein for thirty-seven hundred and fifty dollars, he assuming one-half of the indebtedness, not exceeding thirty-eight hundred dollars. Under these circumstances negotiations for a consolidation of the two papers, by sale of the Democrat Company's assets to a new company, were considered at a meeting, December 22, 1884, at which all officers and stockholders of the Democrat Company were present, the plaintiff

alone opposing the proposition then submitted. On January 7, 1885, at a special meeting, at which all the officers and stockholders of the Democrat Company were present except plaintiff, the terms of sale to the printing company were agreed upon. The plaintiff was not notified of this meeting, and it is evident that some of the parties present desired that he should be, while others desired he should not be, notified. All the assets of the Democrat Company were transferred to the Dubuque Printing company, in consideration of five thousand dollars of the full-paid capital stock of the Dubuque Printing Company, reserving an amount to be collected from the accounts, to be applied on the indebtedness of the Democrat Company. It is controverted whether that amount was one thousand dollars or fifteen hundred dollars. The assets of the Democrat Company were delivered, and the five thousand dollars of capital stock afterwards issued and levied upon by the sheriff to satisfy debts of the Democrat Company.

*S. M. Pollock* and *N. E. Utt,* for appellant.

*R. W. Stewart,* for appellee Dubuque Printing Company.

*Wm. Graham,* for appellee P. J. Quigley.

Given, C. J.—I. We have carefully examined the exceptions of both parties to these findings, and the evidence upon which these findings are based. We think the findings are sustained by the evidence. Is the plaintiff entitled, upon these facts, to maintain this action? Appellant does not contend that he could maintain it at law, but that because of the frauds alleged equity will grant him relief. Conceding this, the inquiry arises, has fraud been proven? We have already said that the finding of the referee that "the charge of fraud made by plaintiff is not sustained; that the sale and transfer of the property of the Democrat Company by the stockholders and officers of the company to the parties who

composed the printing company was made in good faith,"
—is fully sustained by the evidence. The right to
maintain the action depending upon whether the trans-
action was fraudulent, and, fraud not being proven, the
district court properly disapproved the recommendation
of the referee for judgment, and dismissed the case at
the costs of the plaintiff. The financial condition of the
Democrat Company was such as to call for prompt
action on the part of its directors and stockholders. Its
capital stock was without market value, and its assets
largely such as only to be available under some special
circumstances that would make it desirable. The stand-
ing and relation of the Dubuque Telegraph indicated
that a consolidation of the two would be attended with
success. The only indication of fraud is the fact that
plaintiff was not notified of the meeting of January 7.
It is not clear that this was intentional; yet, if it were,
we think that this should not, under all the necessities
and circumstances of the case, vitiate the transaction,
which was otherwise honest and in good faith. Concur-
ring in the finding of the referee that the charge of fraud
is not sustained, and that the transaction was in good
faith, it is unnecessary to consider the other questions
made in the record. The judgment of the district court
is                                                AFFIRMED.